**JOYCE C.H. TANG**
**CIVILLE & TANG, PLLC**
330 HERNAN CORTEZ AVENUE, SUITE 200
HAGÅTÑA, GUAM 96910
TELEPHONE: (671) 472-8868/69
EMAIL: jtang@civilletang.com

**ANDREW C. HELMAN** (admitted *pro hac vice*)
**DENTONS BINGHAM GREENEBAUM LLP**
ONE CITY CENTER, SUITE 11100
PORTLAND, ME 04101
TELEPHONE: (207) 619-0919
EMAIL: andrew.helman@dentons.com

*Counsel for the Debtor*

# THE DISTRICT COURT OF GUAM

| | |
|---|---|
| In re<br><br>ASIA PACIFIC FINANCIAL MANAGEMENT GROUP, INC.,[1]<br><br>Debtor. | Bankruptcy Case No. 23-00005<br>Chapter 11<br><br>**ORDER CONFIRMING REVISED FIRST AMENDED PLAN OF REORGANIZATION OF ASIA PACIFIC FINANCIAL MANAGEMENT GROUP, INC. DATED NOVEMBER 15, 2023, WITH INCORPORATED ADEQUATE DISCLOSURES UNDER SECTION 1190(1) OF THE BANKRUPTCY CODE** |

Upon consideration of the *Revised First Amended Plan of Reorganization of Asia Pacific Financial Management Group, Inc. Dated November 15, 2023, with Incorporated Adequate Disclosures Under Section 1190(1) of the Bankruptcy Code* [ECF No. 161] (the "Plan") filed by Asia Pacific;[2] and this court having conducted a final hearing (the "Hearing") on confirmation of the Plan; and this court having considered the arguments of counsel for Asia Pacific, the evidence

---

[1] The last four digits of the taxpayer identification number of Asia Pacific Financial Management Group, Inc. are 3272. The principal office of Asia Pacific Financial Management Group, Inc. is 145 Aspinall Avenue, Hagåtña, Guam 96910.

[2] Capitalized terms used herein but not otherwise defined shall have the meanings given to them in the Plan, as revised and filed at ECF No. 161.

23252400.v2

presented at the Hearing, and the materials filed in support of the Plan; and this court having considered the Plan; and with all objections to the Plan having been withdrawn or overruled; and with a copy of the Plan attached hereto as **Exhibit A** and incorporated herein by reference; and with the court having determined after adequate notice and opportunity for a hearing that the requirements set forth in 11 U.S.C. § 1191(a) have been satisfied;

the court hereby **FINDS** and **DETERMINES** as follows:

  A. The findings and conclusions set forth herein and on the record of the Hearing constitute this court's findings of fact and conclusions of law pursuant to Rule 52 of the Federal Rules of Civil Procedure (the "Civil Rules"), as made applicable herein by Rules 7052 and 9014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"). To the extent any of the following findings of fact constitute conclusions of law, they are adopted as such. To the extent any of the following conclusions of law constitute findings of fact, or vice versa, they are adopted as such.

  B. This court has jurisdiction to enter this Confirmation Order pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding under 28 U.S.C. § 157(b). Venue is proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409.

  C. Asia Pacific is eligible for relief under sections 109, 101(51D), and 1182 of the Bankruptcy Code.

  D. The court takes judicial notice of the docket of the Chapter 11 Case maintained by the Clerk of this court.

  E. Any resolution of objections to the Plan explained on the record at the Hearing are hereby incorporated by reference. All unresolved objections, statements, informal objections, and reservations of rights, if any, related to the confirmation of the Plan are overruled on the merits.

F.  On July 15, 2023, Asia Pacific filed the initial version of the Plan [ECF No. 120]. The filing of the Plan satisfies section 1189(b) of the Bankruptcy Code and Bankruptcy Rule 3016.

G.  As evidenced by the certificate of service filed on October 13, 2023, Asia Pacific caused copies of the *Ballot for Accepting or Rejecting First Amended Plan of Reorganization of Asia Pacific Financial Management Group, Inc. Dated September 15, 2023, with Incorporated Adequate Disclosures Under Section 1190(1) of the Bankruptcy Code* (the "Ballot") [ECF No. 137-6] to be distributed as required by sections 1125 and 1126 of the Bankruptcy Code, Bankruptcy Rules 3017.2 and 3018, and all other rules, laws, and orders applicable to such solicitation. The Ballot and a copy of the *First Amended Plan of Reorganization of Asia Pacific Financial Management Group, Inc. Dated September 15, 2023, with Incorporated Adequate Disclosures Under Section 1190(1) of the Bankruptcy Code* (the "Amended Plan") [ECF No. 137] were transmitted in accordance with this court's *Order Regarding Fixing of Deadlines under Bankruptcy Rule 3017.2* (the "Scheduling Order") [ECF No. 143]. Sufficient time was provided for the voting classes under the Plan to accept, reject, or object to confirmation of the Plan. Such transmittal and service were adequate and sufficient under the circumstances and no further notice is or shall be required.

H.  The solicitation of acceptance or rejection of the Plan has been fair, properly conducted, in good faith, and in compliance with applicable provisions of the Bankruptcy Code, Bankruptcy Rules, and all other rules, laws, and regulations applicable to such solicitation.

I.  The Plan complies with the applicable classification requirements of sections 1122 and 1123 Bankruptcy Code, as required by section 1129(a)(1) of the Bankruptcy Code.

J.  The Plan provides for adequate means for the Plan's implementation, as required by section 1123(a)(5) of the Bankruptcy Code.

K. The Plan complies with the disclosure and solicitation requirements of sections 1129(a)(2), 1125, and 1126 of the Bankruptcy Code, as such requirements are modified in a subchapter V case pursuant to sections 1181(b) and 1190 of the Bankruptcy Code.

L. The Plan has been proposed in good faith and not by any means forbidden by law, as required by section 1129(a)(3) of the Bankruptcy Code.

M. Any payments made or promised by Asia Pacific for services or costs and expenses in, or in connection with, the Chapter 11 Case, or in connection with the Plan and incident to the Chapter 11 Case, are subject to approval of this court as reasonable, as required by section 1129(a)(4) of the Bankruptcy Code.

N. The identity of, and the terms of the proposed compensation to be paid to, individuals proposed to serve as an officer or director of Asia Pacific are properly disclosed and are consistent with the interests of the Asia Pacific's creditors and holders of Interests and with public policy and thus, the Plan satisfies section 1129(a)(5) of the Bankruptcy Code.

O. The provisions of section 1129(a)(6) of the Bankruptcy Code are inapplicable to the Chapter 11 Case because Asia Pacific does charge rates set within the jurisdiction of any regulatory commission.

P. As evidenced by the Plan and as presented at the Hearing, each holder of a Claim or Interest in each impaired class has either accepted the Plan or will receive or retain under the Plan property of a value, as of the Effective Date, that is not less than the amount that such holder would receive or retain if Asia Pacific liquidated its assets under chapter 7 of the Bankruptcy Code on such date. The Plan, therefore, satisfied section 1129(a)(7) of the Bankruptcy Code.

Q. On November 10, 2023, Asia Pacific filed the *Summary Ballot Report and Certification* [ECF No. 159] (the "Ballot Report"). As evidenced by the Ballot Report and based

23252400.v2

Case 23-00005    Document 176    Filed 12/06/23    Page 4 of 6

on the record before the court, Class One voted to accept the Plan in accordance with the requirements of section 1126 of the Bankruptcy Code. Holders of Interests in Class Two of the Plan are unimpaired and not entitled to vote on the Plan pursuant to section 1126(f) of the Bankruptcy Code. The Plan, therefore, satisfies the requirements of section 1129(a)(8) of the Bankruptcy Code.

R. Except to the extent that the holder of a particular Claim has agreed to a different treatment of such Claim, the treatment of administrative and priority Claims under the Plan complies with the provisions of section 1129(a)(9) of the Bankruptcy Code.

S. As evidenced by the Ballot Report, Class One, an impaired class under the Plan, voted to accept the Plan determined without including any acceptances of the Plan by any insider. Therefore, the Plan satisfies the requirements of section 1129(a)(10) of the Bankruptcy Code.

T. As evidenced by the Plan as presented at the Hearing, the Plan is feasible and thus satisfies the requirements of section 1129(a)(11) of the Bankruptcy Code.

U. Asia Pacific is proceeding in the Chapter 11 Case as a subchapter V debtor, and is not required to pay quarterly fees to the United States Trustee pursuant to 28 U.S.C. § 1930(a)(6)(A). Therefore, no fees are payable under section 1129(a)(12) of the Bankruptcy Code.

V. Section 1129(a)(13) – (16) are inapplicable to Asia Pacific in this Chapter 11 Case.

W. The Plan meets the requirements for modification pursuant to section 1127(a) of the Bankruptcy Code, and the Plan is deemed to be accepted by all creditors who previously accepted the Amended Plan pursuant to section 1127(d) of the Bankruptcy Code and Bankruptcy Rule 3019(a).

X. As evidenced by the Plan, the Settlement and Settlement Agreement are products of good faith negotiation between Asia Pacific and Mr. Phillips, are fair and equitable, meet the requirements for approval pursuant to section 1123(b) and Bankruptcy Rule 9019.

Y. As a result of the foregoing, the Plan satisfies all applicable confirmation requirements.

Z. This court may retain jurisdiction over the matters set forth in Article XI of the Plan.

**ACCORDINGLY**, it is hereby **ORDERED**, **ADJUDGED**, and **DECREED** as follows:

1. Based upon the record of the hearing held November 21, 2023, with respect to confirmation of the Plan, any and all objections to confirmation are overruled or were withdrawn, with prejudice, and the Plan (as revised and filed at ECF No. 161) is **CONFIRMED** as set forth in this Order.

2. A copy of the Plan, as confirmed by this Order, is attached hereto as **Exhibit A**, and the terms of the Plan are incorporated herein by reference.

3. The Settlement and Settlement Agreement are approved pursuant to Bankruptcy Rule 9019.

4. It is further **ORDERED**, **ADJUDGED**, and **DECREED** that the court shall retain jurisdiction to the full extent requested in the Plan and as necessary to administer the above-captioned chapter 11 case after entry of this Order and to adjudicate any related adversary proceedings or contested matters.

**SO ORDERED.**



/s/ Frances M. Tydingco-Gatewood
    Chief Judge
Dated: Dec 06, 2023